**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**UNITED STATES OF AMERICA,**

　　　　　　　　Plaintiff**,**

**v.**　　　　　　　　　　　　　　　　　**CRIMINAL ACTION NO.: 1:17-CR-71-1
(JUDGE KEELEY)**

**MEYLAN MONTALVO GOMEZ,**

　　　　　　　　Defendant.

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 (Dkt. No. 161). On June 4, 2018, came the United States of America ("the Government") by its counsel, Jarod Douglas, Assistant United States Attorney, and also came Defendant in person and by counsel, Tom Dyer, for a change of plea hearing. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts One (1) and Four (4) of the Indictment.

As an initial matter, the court certified Spanish interpreter was sworn. The Court then proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning her understanding of her

1

right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney. Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Gomez only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The parties represent to the Court that there is no longer a plea agreement in this case. Defendant stated in open court that she fully understood she was pleading guilty to Counts One and Count Four of the original Indictment and that, although there was a plea agreement offered to Defendant, she did not wish to plead under the terms of the

2

agreement and instead wished to plead to Counts One and Four of the Indictment without any plea agreement.

The Court confirmed that Defendant had received and reviewed with her attorney the original Indictment in this matter. Defendant waived reading of the original Indictment in open court. The Court then reviewed with Defendant Counts One and Count Four of the original Indictment, charging her with Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2) (Count One) and Use of Unauthorized Access Device in violation of 18 U.S.C. § 1029(a)(2) (Count Four), including the elements of the crime the United States would have to prove at trial. Subsequently, Defendant pled **GUILTY** to the charges contained in Counts One (1) and Four (4) of the Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant her understanding of the charges against her, inquired of Defendant her understanding of the consequences of pleading guilty to the charges, and obtained a factual basis for Defendant's plea.

The Government called its witness, Officer Jason Weber of the FBI Cybercrimes Taskforce, to present a factual basis for the plea. Officer Weber testified as to the citizen complaints as to unauthorized charges on their debit and credit card accounts leading to the instant charges against Defendant. Neither counsel for Defendant nor Defendant had any questions for the witness; Defendant stated she heard, understood, and did not disagree with Officer Weber's testimony. The Court **FINDS** that the offenses charged in Counts One (1) and Four (4) of the Indictment are supported by an independent basis in fact concerning each of the essential elements of the offenses, and that independent basis is provided by Officer Weber's testimony.

The Court then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in **Counts One (1) and Four (4)**, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count One (1) was seven and a half years, and on Count Four (4) was ten years' imprisonment. The undersigned further determined Defendant understood a fine of not more than $125,000.00 for Count One (1) and $250,000.00 for Count Four (4) could be imposed, both fine and imprisonment could be imposed, she would be subject to a period of at least three (3) years of supervised release, and the Court would impose a special mandatory assessment of $100.00 for each felony conviction, for a total of $200.00 here, payable on or before the date of sentencing.   Defendant also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction.  She also understood she might be required by the Court to pay the costs of her incarceration, supervision, and probation. The undersigned also informed Defendant whether she understood that by pleading guilty she was forfeiting other rights such as right to vote, right to serve on a jury, and the right to legally possess a firearm.

Additionally, the undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be

4

denied future entry into the United States; and that she would be denied citizenship if she ever applied for it.  Defendant stated that she understood.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Count One and Count Four of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation contained in the pre-sentence report.  The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her guilty plea accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea.  Defendant

5

further stated that her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing.   Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant Gomez, with the consent of her counsel, proceeded to enter a verbal plea of **GUILTY** to **Counts One and Four** of the original Indictment and stated that she was in fact guilty of the crime charged in Counts One and Count Four of the original Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Counts One and Four of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed for Counts One and Four; Defendant made a knowing and voluntary plea of guilty to Counts One and Four of the Indictment; and Defendant's plea is independently supported by Officer Weber's testimony which provides, beyond a reasonable doubt, proof of each

of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Counts One and Four of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned magistrate judge **REMANDED Defendant to the custody of the U.S. Marshal Service.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.   A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.   Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.   28 U.S.C. § 636(b)(l); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on **June 5, 2018.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE